**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
JOYCE E. CLARK

Debtor(s)

Case No.: 18-24207  
Judge: MBK

## Chapter 13 Plan and Motions

☐ Original  ☒ Modified/Notice Required    Date: 4/6/20

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: SNT    Initial Debtor: JEC    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____1500_____ per _____month_____ to the Chapter 13 Trustee, starting on _____5/1/20_____ for approximately _____63_____ months.    $26240 ptd

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☒    Other sources of funding (describe source, amount and date when funds are available):

SS Disability, Pension

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:
Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 300 |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank of America | Mortgage | $86,369.30 | | $86,369.30 | $2008.58 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**   ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Steward Financial | 2007 Lexus | $9000 | $6000 | n/a/ | $6825 | 5% | Cram down to $6825 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

　　The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

**Part 5:    Unsecured Claims** ☐ **NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

　☐ Not less than $ _____ to be distributed *pro rata*

　☒ Not less than _____0_____ percent

　☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).    ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    **b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

    **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Steward Financial | 2007 Lexus | 9000 | $6000 | $6825 | $3000 |

## Part 8:   Other Plan Provisions

    **a. Vesting of Property of the Estate**

        ☒   Upon confirmation

        ☐   Upon discharge

    **b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Administrative Claims

3) Secured Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:  Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 7/16/18                              .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To extend plan due to corona virus. The debtor cares for disabled children whose program was shut down and has lost substantial income in March , 2020 and now April due tp being unable to work and additional expenses to care for children | Extending the plan for 63 months under the CARES ACt |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 4/6/20                                         /s/Joyce E. Clark
                                                     Debtor

Date: _____                                 /_____
                                                     Joint Debtor

Date: 4/6/20                                         /s/Steven N. Taieb, Esquire
                                                     Attorney for Debtor(s)

```
United States Bankruptcy Court
       District of New Jersey

In re:                                                              Case No. 18-24207-MBK
Joyce E. Clark                                                      Chapter 13
       Debtor

                              CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin                Page 1 of 2         Date Rcvd: Apr 15, 2020
                              Form ID: pdf901            Total Noticed: 37


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 17, 2020.
db           +Joyce E. Clark,    24 Derry Drive,    Willingboro, NJ 08046-3165
cr           +Steward Financial Services,    c/o Stark & Stark,. P.C.,    993 Lenox Drive,
               Lawrenceville, NJ 08648-2316
517647138    +ARS Account Resolution Svcs,    1801 NW 66th Avenue,   Suite 200C,    Plantation, FL 33313-4571
517647137     Apex Asset Mgmt LLC,    PO Box 5407,    Lancaster, PA 17606-5407
517771971    +Bank of America,    Carrington Mortgage Services,    1600 South Douglass Rd,
               Anaheim, CA 92806-5948
517647140    +Bank of America Home Loans,    450 American Street,    Suite SV416,    Simi Valley, CA 93065-6285
517768007    +Bank of America, N.A.,    c/o Carrington Mortgage Services, LLC,    P.O. Box 3730,
               Anaheim, CA 92803-3730
517749365     EMERG PHY ASSOC OF S.JERSEY,PC,    PO Box 1123,    Minneapolis, MN 55440-1123
517647143    +Eastern Acct Systems,    75 Glen Road, Ste. 110,    Sandy Hook, CT 06482-1170
517647144     Emergency Physicians Associates of S. Je,    PO Box 1109,    Minneapolis, Alabama 55440-1109
517647145    +IC Systems Inc.,    PO Box 64378,    Saint Paul, MN 55164-0378
517647146    +Joseph Mann and Creed,    20600 Chagrin Blvd.,    Suite 500,    Shaker Heights, OH 44122-5346
517647147    +KML Law Group, P.C.,    Attn: Kristina G. Murtha, Esq.,    216 Haddon Avenue, Ste. 406,
               Westmont, New Jersey 08108-2812
517647149     Midnight Velvet,    Attn Creditors Bankruptcy Svc,    PO Box 7409233,    Dallas, TX 75374
517647152    +Quality Asset Recovery,    7 Foster Ave., Ste. 101,    Gibbsboro, NJ 08026-1191
517647154    +RJM Acq LLC,    575 Underhill Blvd., Ste. 224,    Syosset, NY 11791-3416
517647153    +Rickart Collections Systems,    575 Milltown Rd.,    North Brunswick, NJ 08902-3336
517647155    +Stark & Stark,    401 Rt. 73 N., Ste. 130,    Marlton, NJ 08053-3428
517647156    +Steward Financial Services,    444 Kings Highway, Ste. 200,    Maple Shade, NJ 08052-3427

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Apr 15 2020 23:12:14     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 15 2020 23:12:13     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
517647132    +E-mail/Text: mary.stewart@abcofcu.org Apr 15 2020 23:12:39     ABCO Federal Credit Union,
               PO Box 247,   Rancocas, NJ 08073-0247
517647133    +E-mail/Text: EBNProcessing@afni.com Apr 15 2020 23:12:19     AFNI,   PO Box 3667,
               Bloomington, Illinois 61702-3667
517752669    +E-mail/Text: g20956@att.com Apr 15 2020 23:12:32    AT&T Mobility II LLC,
               %AT&T SERVICES INC.,    KAREN A. CAVAGNARO PARALEGAL,    ONE AT&T WAY, SUITE 3A104,
               BEDMINSTER, NJ. 07921-2693
517647139    +E-mail/Text: g20956@att.com Apr 15 2020 23:12:32    AT&T Mobility II LLC,
               Karen Cavagnaro, Paralegal,    One AT&T Way, Room 3A104,    Bedminster, NJ 07921-2693
517647134    +E-mail/Text: bncmail@w-legal.com Apr 15 2020 23:12:20     Altair OH XIII, LLC,
               C O Weinstein & Riley, PS,    2001 Western Avenue, Ste. 400,    Seattle, WA 98121-3132
517647135    +E-mail/Text: bankruptcies@amerassist.com Apr 15 2020 23:12:50     Amerassist AR Solutions,
               445 Hutchinson Avenue,    Ste. 500,   Columbus, OH 43235-8616
517647136     E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 15 2020 23:17:49     American InfoSource LP,
               Midland Funding LLC,    PO Box 268941,   Oklahoma City, OK 73126-8941
517725448    +E-mail/Text: bnc@atlasacq.com Apr 15 2020 23:11:40     Atlas Acquisitions LLC,   294 Union St.,
               Hackensack, NJ 07601-4303
517647141    +E-mail/Text: clientrep@capitalcollects.com Apr 15 2020 23:12:46     Capital Collection Services,
               PO Box 150,   West Berlin, NJ 08091-0150
517647142     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 15 2020 23:17:04     Capital One, N.A.,
               PO Box 71083,    Charlotte, NC 28272-1083
517647148     E-mail/PDF: resurgentbknotifications@resurgent.com Apr 15 2020 23:16:35     LVNV Funding, LLC,
               Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
517712451     E-mail/PDF: resurgentbknotifications@resurgent.com Apr 15 2020 23:16:36
               LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
               Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
517647150    +E-mail/Text: egssupportservices@alorica.com Apr 15 2020 23:12:20     NCO Credit Services,
               507 Prudential Road,    Horsham, PA 19044-2308
517647151     E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 15 2020 23:16:29
               Portfolio Recovery Associates, LLC,    c/o Capital One/HSBC,   PO Box 41067,
               Norfolk, VA 23541
517647157    +E-mail/Text: bkr@virtuosoursourcing.com Apr 15 2020 23:12:47     Virtuoso Source Group,
               4500 E Cherry Creek S Dr,    Denver, CO 80246-1500
517647158     E-mail/Text: bnc-bluestem@quantum3group.com Apr 15 2020 23:12:35     WEBB Fingerhut,
               6520 Ridgewood Road,    Saint Cloud, MN 56303
                                                                                                TOTAL: 18

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```

```
District/off: 0312-3          User: admin              Page 2 of 2               Date Rcvd: Apr 15, 2020
                              Form ID: pdf901          Total Noticed: 37

517755025*        +Atlas Acquisitions LLC,    294 Union St.,    Hackensack, NJ 07601-4303
517764156*       ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
                  (address filed with court:  Portfolio Recovery Associates, LLC,    c/o Capital One/Hsbc,
                    POB 41067,    Norfolk VA 23541)
517647131       ##+A1 Collections Svcs,    101 Grovers Mill Rd,    Ste. 303,    Lawrenceville, NJ 08648-4706
                                                                                   TOTALS: 0, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 17, 2020                                    Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 14, 2020 at the address(es) listed below:
              Albert    Russo     on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert    Russo    docs@russotrustee.com
              Denise E. Carlon     on behalf of Creditor    Bank of America, N.A. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Elizabeth K. Holdren     on behalf of Creditor    BANK OF AMERICA, N.A. eholdren@hillwallack.com,
               jhanley@hillwallack.com;hwbknj@hillwallack.com
              Elizabeth K. Holdren     on behalf of Creditor    Bank of America, N.A., through Carrington Mortgage
               Services, LLC, servicer and attorney-in-fact eholdren@hillwallack.com,
               jhanley@hillwallack.com;hwbknj@hillwallack.com
              Jennifer D. Gould     on behalf of Creditor    Steward Financial Services jgould@stark-stark.com,
               mdepietro@stark-stark.com
              Steven N. Taieb     on behalf of Debtor Joyce E. Clark staieb@comcast.net,    sntgale@aol.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 8
```